## JOHN J. RAMSEY *vs.* DANIEL O'LEARY.

*Real action—verdict in.*

If the demanded premises are not clearly described in the declaration in a real action, the statute provides that a nonsuit may be entered.

A verdict, however, for the demandant, defective for want of definite description of the premises recovered, will not be set aside, where the evidence shows that, at least, a trespass was committed by the tenant upon the close of the demandant, which would render him liable for nominal damages and costs.

Nor where it finds the disseisin by the tenant of the demandant's entire premises, when the evidence would warrant a finding of the disseisin of a small portion only, the disclaimer in the case not being seasonably filed, and the result being in such respect immaterial.

On exceptions and motion to set aside the verdict as against the law and the evidence.

Writ of entry, returnable to the supreme judicial court for this county, August term, a. d. 1871. At the trial, had at the August term, 1872, the tenant pleaded the general issue with a brief statement of a prescriptive right of way over a portion of the demanded premises, and also another brief statement disclaiming any title to soil and freehold in the land in controversy.

The jury found a general verdict of disseisin, which the tenant moved to set aside "because the description of the demanded premises is so vague, indefinite, and uncertain that no writ of possession can be made and executed." The presiding justice overruled this motion and the defendant excepted. A motion was also filed by the defendant to set aside the verdict as against the law and the evidence. The remaining facts appear in the opinion.

*W. Gilbert*, for the tenant.

*Tallman & Larrabee*, for the demandant.

Peters, J. This is a real action, evidently brought to recover of the tenant a narrow strip of land occupied by him, and in dispute between the parties as co-terminous proprietors. The controversy really involves the true location of the line separating their respective lots. The demandant, however, included in the description of the demanded premises his entire lot, and described it on the disputed side as bounded by a lot of land which is in fact the same now owned and occupied by the tenant. There was a general verdict for the demandant for the premises demanded. Thereupon the tenant moved to set the verdict aside "because the description of the demanded premises is so vague, indefinite, and uncertain that no writ of possession can be made and executed thereon." This motion was overruled by the presiding judge, and exceptions are taken to this order, and the tenant also moves against the verdict as rendered against the evidence in the case.

It is provided by R. S., c. 104, § 21, that if the demanded

premises in a real action are not clearly described in the declara-- tion the court may direct a nonsuit. There may be other reme- dies for such insufficient declaration. The difficulty here, how- ever, does not seem to be that the declaration does not of itself intelligibly describe certain premises, but that, in the particular situation of these parties as disclosed by the evidence, a judgment in this suit based upon such a description would have no tendency to establish a location of the line in dispute; that, if the declara- tion is sufficient, the verdict is not so, because of its indefiniteness. It is true, as the tenant does not claim to hold beyond the line of his own lot which the demandant invokes as his boundary, that a judgment in this case would establish nothing of record between the parties as far as the settlement of the disputed line is con- cerned. It will establish upon the records of the court only as much as already appears of record in the registry of deeds. Either the declaration, or the verdict, should have been in such definite terms as to have determined the real question in contro- versy.

But the tenant does not suffer by such abortive result. Beyond a bill of costs he will not be affected by it. He cannot be preju- diced by a judgment which cannot be applied to a certain, particu- lar, and definite parcel of land. Unless the demandant can show that the premises in controversy are embraced within the verdict, the judgment founded on such verdict will be unavailing and use- less to him, to aid his title to the premises he is seeking to obtain. *Silloway* v. *Hale*, 8 Allen, 61, is a pertinent authority as to the value and consequences of such a judgment.

It is clear that the verdict should not be set aside, even if it amounts to no more than a verdict for costs, for the jury were au- thorized by the evidence to find that the tenant claimed to hold as his own at least a small parcel of the demandant's premises.

It is contended that the verdict is erroneous because it finds that the demandant was disseized of his whole premises when the evidence shows a disseisin of a small portion only; but the ten- ant not having pleaded his special matter seasonably under the

statute, and his disclaimer being in part, at least, untrue, the verdict was not errroneous upon the ground alleged, and could work no injury to the tenant, if it was so.

*Motion and exceptions overruled.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and VIRGIN, JJ., concurred.